# IN THE COURT OF APPEALS OF IOWA

No. 17-1997
Filed May 15, 2019

**DAVID PALMER DEWBERRY,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Decatur County, John D. Lloyd, Judge.

Applicant appeals the denial of his second postconviction-relief application.

**REVERSED AND REMANDED.**

Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee State.

Considered by Vogel, C.J., Vaitheswaran, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Chief Judge.**

David Dewberry pled guilty to first-degree robbery in December 2011. He filed his first postconviction relief (PCR) application in February 2013. That application was denied by the district court and affirmed by our court, finding he had not proven his ineffective-assistance claims. *See Dewberry v. State*, No. 14-1198, 2015 WL 7567514, at *6 (Iowa Ct. App. Nov. 25, 2015).[1] He now appeals the denial of his second PCR application. He claims he was wrongly denied a full PCR hearing to demonstrate his trial counsel was ineffective for failing to present an expert to testify on whether the BB gun he used during the incident was a dangerous weapon under Iowa Code section 711.2 (2011). *See also* Iowa Code § 702.7 (providing a dangerous weapon includes "any instrument or device of any sort whatsoever which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon the other, and which, when so used, is capable of inflicting death upon a human being"). The PCR court found, "[T]his issue is foreclosed by his plea and the prior adjudication on his first [PCR] petition."

At the 2011 plea hearing, the following colloquy occurred:

> COURT: Mr. Dewberry, now we're to a point where I need to make a determination as to whether there is a factual basis for

---

[1] In his first PCR application, Dewberry claimed his plea counsel was ineffective for allowing him to enter the plea when there was an insufficient basis to show the BB gun was a dangerous weapon. *Id.* This court affirmed the PCR court's denial of his claim, after plea counsel stated he discussed a defense based on the capacity of the gun but "they believed there was sufficient evidence to refute the defense." *Id.* at *3. In his second PCR application, he made a similar argument; however in a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) and on this appeal, he frames this as an "actual-innocence" claim. *See Schmidt v. State*, 909 N.W.2d 778, 781 (Iowa 2018) (holding "the Iowa Constitution allows freestanding claims of actual innocence, so applicants may bring such claims to attack their pleas even though they entered their pleas knowingly and voluntarily"). The PCR court denied this motion.

accepting your plea. In order to do so, I must ask you to tell me in your own words what you did that brings you here to plead guilty to this charge.

DEWBERRY: Well, Your Honor, on the day of July 16, 2011, I was going to commit a theft, and in doing so, I entered a residence that was not mine nor had any permission to enter and used the BB gun to put fear or threaten the residents of the home.

. . . .

COURT: Was it a spring-loaded BB gun, or was it CO2?

DEWBERRY: It was just a spring-loaded, I think. It might have been CO2. I don't know. I never shot it.

. . . .

COURT: Mr. Dewberry, one of the prongs, if you will, of a definition of a dangerous weapon is any instrument or device of any sort whatsoever which is actually used in such manner as to indicate that the defendant intends to inflict death or serious injury upon the other and which when so used is capable of inflicting death upon a human being. Did the gun that you described fit that definition?

DEWBERRY: Yes, Your Honor.

COURT: Did you threaten the alleged victim in this case?

DEWBERRY: Yes, Your Honor.

COURT: Did you physically assault the alleged victim in this case? Did you have any physical contact with her?

DEWBERRY: Yes, Your Honor.

COURT: In your opinion, did you place her in fear of immediate serious injury?

DEWBERRY: Yes, Your Honor.

On appeal, Dewberry claims his perhaps mistaken belief that his BB gun was a "dangerous weapon" does not prove that it actually was, unless it could be tested by objective evidence supplied by an expert witness. Therefore, his argument on appeal is that until the dangerous weapon element is proven, he should be allowed to pursue his claim of "actual innocence." *See Schmidt v. State*, 909 N.W.2d 778, 781 (Iowa 2018) (holding "the Iowa Constitution allows freestanding claims of actual innocence").

Our review in this case is de novo. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018) ("We generally review [PCR] proceedings, including summary dismissals of [PCR] applications, for errors at law. When the basis for relief

implicates a violation of a constitutional dimension, our review is de novo."). By granting summary disposition, the district court deprived Dewberry of the opportunity to establish his actual-innocence claim. Therefore, we reverse and remand this issue back to the PCR court, where a full evidentiary hearing may be held and Dewberry may present evidence for his actual-innocence claim.

**REVERSED AND REMANDED.**